UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ANTHONY GARTH,

    Petitioner,

v.

CONNIE HORTON,

    Respondent.

Case No. 2:18-cv-10186

HONORABLE STEPHEN J. MURPHY, III

_____/

**OPINION AND ORDER DENYING
THE PETITION FOR A WRIT OF HABEAS
CORPUS [1] AND DECLINING TO ISSUE A CERTIFICATE OF
APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

Mark Anthony Garth, Jr. ("Petitioner"), presently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF 1. In his *pro se* application, Petitioner challenges his conviction for assault with intent to murder, Mich. Comp. Laws § 750.83, and carrying a concealed weapon, Mich. Comp. Laws § 750.227. *See id.* at 1; ECF 6, PgID 33. For the reasons stated below, the Court will deny the petition for a writ of habeas corpus.

## BACKGROUND

Petitioner was convicted of the above charges following entry of a nolo contendere plea in the Genesee County Circuit Court. *See* ECF 7-6, PgID 141.

A factual basis was included on the record to support petitioner's nolo contendere plea. *See id.* at 155–56. The Court noted that Petitioner's co-worker, Tony

Duane Kone, identified the Petitioner in court. *Id.* at 155. Kone testified that, on May 27, 2014, he was in his car with Petitioner discussing buying and selling marijuana. *Id.* Kone testified that during this discussion he noticed that petitioner had a gun on his lap and that the two of them struggled over the gun. Id. at 155–56. Petitioner then got out of the vehicle and shot towards the vehicle four times, hitting the back window with the first shot and hitting Kone's hand with the second shot. *Id.* at 156. The Court noted that the concealed weapon charge was supported by Kone's testimony that he did not see a weapon on the Petitioner until after they had been driving around for a while. *Id.* at 156.

The Michigan Court of Appeals denied Petitioner's delayed application for leave to appeal but remanded the matter back to the trial court for resentencing after finding that Offense Variable ("OV") 13 was erroneously scored. ECF 7-8, PgID 170. Petitioner seeks a writ of habeas corpus on the grounds that the trial court that conducted his resentencing failed to take into account his reduced guideline range and based its sentence on judicial fact-finding beyond the facts Petitioner admitted. ECF 1, PgID 2.

## STANDARD OF REVIEW

A federal court may grant habeas relief to a state prisoner only if the challenged state court proceedings:

> 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A decision of a state court is "contrary to" clearly established federal law if the state court "contradicts the governing law set forth" in Supreme Court cases or if the state court decides a case with materially indistinguishable facts differently than the Supreme Court has. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. The reviewing federal court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded [sic] jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). A habeas petitioner should be denied relief if it

3

is within the "realm of possibility " that fair-minded jurists could find the state court decision to be reasonable. *See Woods v. Etherton*, 136 S. Ct. 1149, 1152 (2016).

## DISCUSSION

Petitioner alleges that the trial court erroneously scored OV 13 under Michigan's sentencing guidelines and, that after resentencing, the trial court did not adjust his sentence accordingly. Petitioner submits in his reply brief that "After remand from the Court of Appeals, OV 13 was reduced to zero (0) points and Petitioner's sentencing guidelines were reduced from 126 to 210 months to 108 to 180 months. Petitioner contends that the reduction of the minimum sentencing guidelines warrants a proportionate reduction of petitioner's minimum sentence." ECF 8, PgID 471. Petitioner argues that because his original sentence was in the middle of his guideline range, his sentence after remand should have been adjusted to the middle of his new guideline range. *See id.* Petitioner suggests that his sentence should therefore be approximately 144 months. *Id.* at 472.

Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is non-cognizable on federal habeas review because it is a state law claim. *See Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007). Petitioner "had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Any error by the trial court in calculating his guideline score would therefore not merit habeas relief. *Id.*

Petitioner next argues that the trial court violated his Sixth Amendment right to a trial by jury by using factors to score one or more of his sentencing guidelines variables that had not been found by a jury beyond a reasonable doubt or admitted to by petitioner. Any fact that increases the mandatory minimum sentence for a crime is an element of the criminal offense that must be proven beyond a reasonable doubt. *See Alleyne v. United States*, 570 U.S. 99, 103 (2013). Not every fact influencing judicial discretion in sentencing, however, must be found by a jury beyond a reasonable doubt. *Id.* at 116.

The Sixth Circuit recently granted habeas relief on a challenge to Michigan's sentencing guidelines holding that *Alleyne* clearly established that Michigan's *mandatory* minimum sentencing scheme was unconstitutional. *Robinson v. Woods*, 901 F.3d 710, 716–18 (6th. Cir. 2018) (emphasis added). The Sixth Circuit concluded that "[a]t bottom, Michigan's sentencing regime violated *Alleyne's* prohibition on the use of judge-found facts to increase mandatory minimum sentences." *Id.* at 716 (citing *Alleyne*, 570 U.S. at 111–12).

Petitioner's case is distinguishable from the prisoner's case in *Robinson* because here Petitioner was re-sentenced on May 16, 2016—after the Michigan Supreme Court severed the mandatory provision of the Michigan sentencing guidelines and made the guidelines advisory. *See People v. Lockridge*, 498 Mich. 358, 391–92 (2015) (relying on the holding in *United States v. Booker*, 543 U.S. 220, 264–65 (2005) that severing the mandatory provision of the federal sentencing guidelines and making them advisory cured their constitutional defect). Purely advisory

5

applications of the sentencing guidelines do not violate the Sixth Amendment. *See Booker*, 543 U.S. at 233 ("If the Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment."); *see also United States v. Cook,* 453 F.3d 775, 777 (6th Cir. 2006) (Defendant's sentencing in federal court based on facts other than those rendered in the verdict or admitted by defendant did not violate his Sixth Amendment right to trial by jury, because defendant was sentenced under advisory, rather than mandatory sentencing guidelines).

"After *Lockridge*, a trial court's imposition of a sentence, no matter how it may be guided by the sentencing guidelines, represents an exercise of the court's discretion." *Fitzgerald v. Trierweiler*, No. 1:17-cv-435, 2017 WL 2790710, at *7 (W.D. Mich. June 28, 2017). Because Petitioner was sentenced after the decision in *Lockridge,* the sentence imposed was an exercise of the judge's discretion. *See id.* "Facts the trial court may have found in support of its exercise of discretion do not implicate the Sixth Amendment." *Id.* The trial court's use of the advisory guidelines to sentence Petitioner does not implicate a federal constitutional right.

Petitioner's due process claim is likewise unavailing. Petitioner complains that the trial court miscalculated another sentencing variable—PRV-1—because the court mis-classified one of Petitioner's prior convictions. Petitioner acknowledges, however, that the mis-classification did not affect his sentencing guideline range. He instead argues only that the trial court based its choice of sentence within the proper

6

guideline range on inaccurate information. The trial court had correct information regarding what the prior conviction was, however, and exercised its discretion to choose a sentence within the advisory guideline range. No constitutional concerns were implicated by the trial court's actions during re-sentencing. The court will therefore deny the petition.

## ORDER

**WHEREFORE,** it is hereby **ORDERED** that the petition for a writ of habeas corpus [1] is **DENIED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**. Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327 (2003). Petitioner makes no such showing.

**IT IS FURTHER ORDERED** that leave to proceed in forma pauperis on appeal is **DENIED** because an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

**SO ORDERED.**

                                                  s/Stephen J. Murphy, III
                                                  STEPHEN J. MURPHY, III
                                                  United States District Judge

Dated: January 17, 2019

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 17, 2019, by electronic and/or ordinary mail.

                                              s/David P. Parker  
                                              Case Manager